UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD GOOLSBY, JR.,                    **ANSWER**

                       Plaintiff,                  Civil Action No. 20-CV-7130
-v-

CITY OF ROCHESTER, et al,

                       Defendants.
_____

      The Defendants, City of Rochester, John Muller, Joel Hasper, John LaClair (misidentified in the caption and Complaint as LeClair), Jason Hess, Kaitlyn Turner, Andrew Pepin, Michael Payne, Kevin Koehn and David Williams, by and through their undersigned counsel, submit the following as and for their Answer to Plaintiff's Complaint:

      1.    They deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs 1, 2 and 11 of the Complaint.

      2.    They admit the allegations contained in paragraph 3 of the Complaint, except they deny the allegations of Defendant Muller's forcible entry, lack of probable cause, and that he used his baton to strike the Plaintiff, thereby causing damage to his hand or cellphone.

      3.    They admit the allegations contained in paragraph 4 of the Complaint except for the allegations that Defendants, Payne and Hasper, kicked open the Plaintiff's front door, or that they slammed his body onto his kitchen counter, or used more than the force they were entitled to use to effect the handcuffing.

      4.    They admit the allegations contained in paragraphs 5 and 6 of the Complaint.

      5.    They deny the allegations contained in paragraph 7 of the Complaint.

6. They believe that the allegations contained in paragraphs 8 and 9 and the statement contained in paragraph 10 of the Complaint do not require admissions or denials because they are not allegations of fact, but will deny those contained in paragraphs 8 and 9 and will join the Plaintiff in his request in paragraph 10 for a jury trial.

7. Paragraphs 18 through 49, 53 through 66 and 72 through 77 of the Complaint contain a narrative of facts recounted from the perspective of the Plaintiff, they are largely and/or fairly subsumed in, and are redundant of, the allegations contained in paragraphs 3 through 7, they and paragraphs 3 through 6 contain contradictory chronologies of the event, contrary allegations regarding Defendant Muller and others, and paragraph 48 is contradicted by the Plaintiff's own sworn testimony acknowledging that he was not arrested. The Defendants thus cannot aver to a significant portion of that narrative, told from the Plaintiff's perspective, nor should they be tasked with having to answer regarding contradictory timelines. Accordingly, at this time, they will deny the allegations contained in paragraphs 18 through 49, 53 through 66 and 72 through 76.   8. They deny the allegations contained in paragraphs 50, 51 and 52 of the Complaint.

9. They deny the allegations contained in paragraphs 67, 68, 69, 70 and 71 of the Complaint.

10. They admit the allegations contained in paragraph 78 of the Complaint.

11. They deny the allegations contained in paragraphs 79, 80, 82, 83, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108 and 109 of the Complaint.

12. They admit that portion of paragraph 81 of the Complaint which alleges that Defendant, Muller, entered Plaintiff's apartment without a warrant, but deny the allegation contained therein that his entry was without legal justification.

13. They admit those portions of paragraph 89 of the Complaint, which allege that Defendants, Payne and Pepin (misidentified therein as "Pipin"), detained and handcuffed the Plaintiff, but they deny that the Defendants, Muller or Hasper, were involved and they deny that the Plaintiff was arrested, which he has acknowledged in sworn testimony.

14. With respect to paragraphs 77, 88 and 100 of the Complaint, wherein the Plaintiff repeats and realleges each and every allegation contained in each and every preceding paragraph, these Defendants likewise repeat and reallege each and every response to those paragraphs (including the objections set forth in paragraph 7 above, to paragraphs 18 through 49, 53 through 66 and 70 through 77 of the Complaint), as if more fully set forth here.

15. They deny each and every allegation contained in the Complaint not heretofore admitted, denied or otherwise controverted.

## AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

16. The First Claim for Relief, alleging Unreasonable Search under 42 U.S.C. §1983, fails to state a claim for which relief may be granted because there was legal justification for Defendant Muller's actions, as well as the actions of the Defendants Payne and Pepin regarding their Chimel search, and because the other named

Defendants were not involved in that search, nor did they conduct any other search alleged.

### AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

17. The Second Claim for Relief, alleging false arrest under 42 U.S.C. §1983, fails to state a claim for which relief may be granted, based upon the Plaintiff's own sworn testimony acknowledging that he was not arrested during the event described in the Complaint.

### AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

18. The Complaint should be dismissed as against the Defendant, City of Rochester, because it contains no factual allegations alleging any wrongdoing on the City's part, nor would punitive damages be recoverable from it because they cannot be awarded as against a municipality.

### AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

19. All conduct by the individual Defendants was justified under the circumstances, and was privileged conduct in the performance of their police function, was supported by probable cause, or reasonable suspicion, and by statements of citizens upon whom the police were entitled to rely, and were based upon statements made by Defendant Muller, were reasonably necessary to performance of their duties, and were in accordance with the requirements of law.

### AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

20. The force used in the investigatory/protective detention of the Plaintiff was privileged and did not rise to the level of a constitutional violation.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

21. The actions complained of arose during the investigatory/protective detention of the Plaintiff by the individual Defendant Police Officers acting in an official capacity and such individuals acting in that capacity cannot, as a matter of public policy, be held individually liable for prima facie tort, even if charged with malicious intent.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

22. The individual Defendants are entitled to qualified immunity from suit because no clearly established constitutional right was violated and, further, their actions were objectively reasonable under the circumstances.

### AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

23. The individual Defendants are entitled to immunity from continuation of this action on the grounds that they acted in a good faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the Plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

## AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

24. At the time the individual Defendants' contact with the Plaintiff, they had an objective, credible reason to detain him for their own protection and to question him.

## AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

25. In the event that the Plaintiff recovers an award of damages, then the provisions of NY CPLR §4545 will apply, and the Defendants will claim an offset for any amounts which the Plaintiff will, with reasonable certainty, receive from collateral sources, as provided in that statute.

WHEREFORE, the Defendants demand judgment as follows:

A. Dismissing Plaintiff's Complaint, together with the costs and disbursements of this action;

B. Additionally, and/or in the alternative, they demand that any judgment recovered by the Plaintiff be diminished in proportion to which his culpable conduct bears to the culpable conduct which caused his injuries and damages; and

C. For such other and further relief which the Court may seem just and proper.

DATED: January 25, 2021
       Rochester, New York

TIMOTHY R. CURTIN, Corporation Counsel

By: _____
CHRISTOPHER S. NOONE, Esq., of Counsel
Attorneys for Defendants
30 Church Street, Room 400A
Rochester, New York 14614
Telephone: (585) 428-6753

noonec@cityofrochester.gov

**TO**: Roth & Roth, LLP
Elliot D. Shields, Esq.
Attorneys for Plaintiff
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 425-1020
eshields@rothandrothlaw.com